NORBERTO GONZALEZ,

              Claimant,

    v.

              Case No. 26-cv-1095-pp

FRANK J. BISIGNANO,

              Commissioner.

**ORDER GRANTING CLAIMANT'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT (DKT. NO. 1)**

On June 18, 2026, the claimant, who is representing himself, filed a Complaint for Review of a Final Decision by the Commissioner of the Social Security Administration (using this court's form complaint). Dkt. No. 1. Along with the complaint, the claimant filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. This order grants the motion to proceed without prepaying the filing fee, screens the complaint and determines that it doesn't state a claim. The court will give the claimant an opportunity to file an amended complaint.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the claimant to proceed without prepaying the filing fee, the court first must decide whether the claimant can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The claimant's request states that he is employed by MW Tighe Roofing, Inc. Dkt. No. 2 at 2. Under the section of the form that asks for his employers, the

1

claimant wrote, "VA Benefits—AA Sabel Law Office," with a phone number. Id. The claimant states that his total monthly wages are $1,245, although he does not explain how much he gets from the roofing job and how much he gets in VA benefits. Id. He states that he is not married and has no dependents. Id. at 1.

The claimant lists the following for monthly expenses: $294 for rent, $335 for a car payment, $80 for a credit card payment, $20 for a phone payment, $200 for food, $60 for pills, $120 for gasoline, $30 for electricity and $110 for insurance. Id. at 2. This totals $1,249 (four dollars more per month than his reported income). Id. at 3. The claimant states that he has two cars, a Dodge 3500 worth $22,000 and a Town and Country van worth $1,000. Id. at 3. The claimant states that he has $346 in checking and savings accounts. Id. In answer to the question, "Do you own any other property of value, such as real estate, stocks, bonds, trusts, or individual retirement accounts (e.g., IRA, 401 k), artwork, or jewelry?," the plaintiff marked the "Yes" box, underlined "IRA" and wrote "$336 TOTAL pay by MW Tighe Roofing." Id. at 4. Based on the information in the request, the court concludes that the claimant does not have the ability to pay the filing fee and will grant his motion.

The claimant should be aware that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not

2

have to pay the full filing fee up front; the person still owes the filing fee and must pay it as he is able.

## II.  Screening of Complaint

### A.  Standard for Screening Complaint

The court next must decide whether the claimant has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### B.  Claimant's Allegations

The claimant properly used the Eastern District's form complaint, which contains prewritten allegations relevant to a request for review of a denial of Social Security benefits, such as "I seek review of an unfavorable final decision of the Commissioner of the Social Security Administration under 42 U.S.C. §405(g) and/or 42 U.S.C. §1383(c)(3)." Id. at 3. There are boxes for a claimant

to check and blanks in which a claimant may fill in necessary information. Id. at 1–3.

In the "Previous Lawsuits" section, the claimant marked that he has not filed a case related to the same facts in state or federal court. Id. at 2. He also marked the box stating that he has not filed any other case in state or federal court. Id.

In the "Statement of Claim" section, the claimant marks that he is seeking Supplemental Security Income (SSI) benefits. Id. In the portion of the form that asks for the dates of a decision from the administrative law judge, the claimant writes "September 5 - 2025 I did not." Id. at 3. In the section that asks for the date of the notice or determination from the Appeals Council, the claimant writes "I dinti'n FiLIe before Today because I did not know where the District Court was." Id. In the section that asks for additional facts that may explain why he is entitled to relief, the claimant states that he has "suffered from severe mental illness for most of [his] life." Id. He lists his diagnoses: bipolar I disorder with psychotic features, PTSD, intermittent explosive disorder and "dissociated disorder." Id.

C.     Analysis

Federal trial courts have the authority to act as appellate courts—courts of review—for decisions made by the Commissioner of the Social Security Administration. But this federal district court may review only "final" decisions of the Social Security Administration made after a "hearing." See 42 U.S.C. §§405(g), (h). For a decision to be "final," the claimant must complete a multi-step administrative review process. See 20 C.F.R. §404.900; Washington v. Saul, 788 F. App'x 388, 389 (7th Cir. 2019) (citing Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019); Sims v. Apfel, 530 U.S. 103, 107 (2000)). The steps

4

include (1) obtaining an initial benefit determination by a disability examiner, 20 C.F.R. §416.1402; (2) obtaining a reconsideration determination, 20 C.F.R. §416.1407; (3) participating in a hearing before an administrative law judge, 20 C.F.R. §416.1429; and (4) obtaining review of any adverse decision by the Appeals Council, 20 C.F.R. §416.1467. The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, constitute "final" decisions. 20 C.F.R. §416.1481.

The complaint does not show that the claimant has completed this process. In the space on the form complaint that asked for date on which he received a decision from the administrative law judge, the claimant wrote "September 5 – 2025," followed by "I did not." Dkt. No. 1 at 3. This could mean that the claimant "did not" receive a decision from an administrative law judge, or it could mean he received one on September 5, 2025. The court can't tell. In the section of the form that asks when he received the Appeals Council's determination, the claimant says that he didn't file "before today because [he] did not know where the District Court was." Id. This implies that the claimant has not gone through the Appeals Council process or received a notice or determination from the Appeals Council.[1]

The claimant has not provided enough information for the court to determine that the Social Security Administration has issued a "final" decision

---

[1] The timing of the complaint also makes it unlikely that the claimant has completed the application and appeal process. He filed his complaint on June 18, 2026, nine months after the September 5, 2025 date he wrote on the line for "I have received a decision from the Administrative Law Judge, and it is dated:". If the claimant received a decision from an administrative law judge on September 5, 2025, it likely would have taken him longer than nine months to obtain review of any adverse decision from the Appeals Council.

5

denying him benefits that this district court can review. The claimant has not stated a claim upon which this court can grant relief.

The court will give the claimant the opportunity to file an amended complaint. The court is enclosing a blank copy of its Social Security complaint form. The claimant must use this form when preparing his amended complaint. He must write the case number for this case—26-cv-1095—on the line at the top of the first page that says, "Case No." He must write the word "AMENDED" in front of the word "COMPLAINT" in the middle of the first page of the form. He must include the dates of any adverse decisions—and whether he filed an appeal from those adverse decisions—from an administrative law judge and the Appeals Council as requested on page three. (If the claimant has not yet applied for Social Security benefits, or if he has not yet been denied benefits, he can't yet file an appeal here in the district court.) The amended complaint takes the place of the original complaint and must be complete by itself. The claimant may not refer the court back to the claimant's original complaint. The claimant must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims. For the amended complaint to state a claim, the claimant must include facts that show that he applied for Social Security benefits and that the Commissioner issued a "final" decision denying those benefits. The claimant also must explain why he believes the Commissioner was wrong to deny him the benefits.

## III.    Conclusion

The court **GRANTS** the claimant's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DETERMINES** that the complaint does not state a claim.

The court **ORDERS** that if the claimant wishes to proceed with this case, then by the end of the day on **August 14, 2026,** he must file an amended complaint that complies with the instructions in this order. If the claimant does not file an amended complaint by the end of the day on August 14, 2026, the court will dismiss this case without prejudice, without further notice or hearing, for the claimant's failure to state a claim in his original complaint.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7